McHENRY, Respondent, vs. GRANT and others, Appellants.

*January 31 — February 21, 1893.*

*Contracts: Pleading: Amendment: New cause of action.*

The original complaint alleged that plaintiff sold and delivered to defendants certain quantities of milk at the agreed price of eighty cents per hundredweight; and an amended complaint stated that it was agreed between plaintiff and defendants that he should deliver milk at the price of the year before, which was eighty cents per hundredweight, and that he did deliver milk accordingly. The quantities alleged to have been delivered, and the balance claimed to be due thereon, were the same in each complaint. *Held,* that the amended complaint did not state a new or different cause of action.

APPEAL from the Circuit Court for *St. Croix* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellants on briefs by *R. H. Start* and *H. H. Smith,* and for the respondent on the brief of *W. F. McNally.*

ORTON, J. The first count of the original complaint is for the balance unpaid on the sale and delivery of 30,950

pounds of milk at the agreed price of eighty cents per hundredweight, and reasonably worth that amount. The other four counts are for the balance unpaid on the sale and delivery of various quantities of milk by other persons at the same agreed price and value, assigned to the plaintiff. On the trial the plaintiff asked leave to amend his complaint, and the defendants made an affidavit of surprise, and the court granted leave to amend the complaint and a continuance of the case, on the terms of the plaintiff paying the costs of the term, and the plaintiff paid the same. Thereupon the plaintiff amended his complaint substantially as follows: In the first count it was agreed between the plaintiff and the defendants that the plaintiff should deliver to the defendants at their cheese factory, his milk, at the same price the defendants paid the plaintiff for his milk the previous season, and that price was eighty cents per hundredweight, or sixty-eight cents per hundredweight net, which was the same thing. In three other counts it was agreed between the defendants and other persons that they should deliver their milk on the same terms as the season before, which was eighty cents per hundredweight. In another count it was agreed with another person that he should furnish the defendants milk for the price of four or five pounds of butter per hundredweight; and the butter was worth eighteen or twenty cents per pound, making the price about equal to eighty cents per hundredweight for the milk. There is a balance due on each contract, and the claims of these other persons are assigned to the plaintiff. The quantity of milk delivered, and the amounts due on each contract, are the same as in the original complaint. On the service of the amended complaint the defendants' counsel moved to strike it out, on the ground that it stated a different cause of action from that of the original complaint. The motion was denied, and the defendants have appealed from said order.

The only difference in the two complaints is that the first charges that the plaintiff and the other persons sold and delivered to the defendants stated quantities of milk at the agreed price of eighty cents per hundredweight; and the amended complaint states that it was *agreed* that they should deliver to the defendants their milk at the price of the year before, which was eighty cents per hundredweight, and they delivered the milk; and one person agreed to deliver milk at the price of so much butter, which made it about eighty cents per hundredweight. There was no agreement to furnish the defendants with any certain quantities of milk in either complaint. In the original complaint they sold and delivered the milk, and in the amended complaint they agreed to sell and deliver, and did so. In the one they sold it at the agreed price of eighty cents per hundredweight; in the other they agreed to sell it, and did so, at the price of the previous season, which was eighty cents per hundredweight, and both parties knew it; and the butter contract was substantially the same thing. There is about as much special contract in one as in the other complaint. They sold at an agreed price. They agreed to sell, and did so at an agreed price. If there is any substantial difference between the original and amended complaint, I fail to see it. The quantities of milk sold, the price, and the balance due in each case, are the same. In the amended complaint the counts are prefaced with redundant and immaterial introductions, and the word "guarantied" is coupled with "agreed," for some purpose unknown, and the same word in another place supersedes the word "agreed," as that the defendants *guarantied* the plaintiff should receive the same price as in 1889. This word is misused and misplaced, and means nothing beyond "agreed." The amended pleading is voluminous, and abounds with prolix and redundant matter and useless words, but in the material and essential statements of fact it is substantially like

the original complaint. It is clearly the same cause of action. The necessity of any amendment of the complaint is not apparent, and that is probably the reason why they are so near alike.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.